## ROOT v. SIOUX CITY CABLE RY. Co. et al.

*(Circuit Court, N. D. Iowa. June 2, 1890.)*

PATENTS FOR INVENTIONS—COMBINATION—FORMER PATENT.

A second patent, which involves the same elements as are combined in a former patent to the same person, with such modifications and changes only as the use of the original form would suggest to any skilled mechanic, and as require no inventive skill, is void.

In Equity. Bill to restrain infringement of letters patent.
*Coburn & Thacher*, for complainant.
*C. L. Wright* and *Offield & Towle*, for defendants.

SHIRAS, J. On the 10th of February, 1880, there were issued to William Eppelsheimer letters patent No. 224,284, for "certain new and useful improvements in the construction of wire cable railroads." By assignment, the present complainant is now the owner of this patent, and brings the present bill against the defendant company on the ground that it is infringing the second claim of the patent, which is as follows: "The combination of the standards, A, with the bars, E, E, of the form herein shown, and knee-braces, F, F, as a means of supporting and connecting together the rail stringers, H, H." The defenses relied on are fourfold: That the second claim of the patent is void, in view of the condition of the art; that it is void for want of inventive novelty; that the patentee dedicated and abandoned the invention to the public by exhibiting the same, but not claiming it, in certain English patents procured by him before the date of the American patent; that the defendant does not infringe. An examination of the various patents antedating that sued on shows that at the date of its issuance many devices were in use or had been described for the accomplishment of the object sought in the combination described in the second claim of patent No. 224,284. In a patent issued to the same patentees under date of July 31, 1877, and numbered 193,757, is found, it seems to me, every element present in the combination described in claim 2 of the patent sued on in the present case, unless it may be the knee-braces, F, F. It is entirely clear that the devices described in No. 193,757 are intended to serve the same purpose as the combination found in the patent sued on, and the changes in the shape are only such as would naturally be expected to be developed from the use thereof in practice. If patent No. 193,757 had been issued to a person other than Eppelsheimer, I do not see any escape from the conclusion that claim 2 of the patent sued on would have to be held an infringement of the prior patent, and therefore void. With slight modifications and changes, not involving any inventive skill, it repeats the same devices shown in the patent No. 193,757, and for the same purposes. It cannot be permitted to an inventor to secure a second and later patent upon a former invention by making such improvements thereon as the use of the original form would suggest to any skilled mechanic, and which did not require the exercise of invention. Such

second patent must, under such circumstances, be held void, or otherwise a patentee could prolong his monopoly indefinitely, and it is not necessary to cite authorities in support of this proposition.    The patent sued on being void for the reason stated, the bill of complainant based thereon is dismissed, at his costs.